# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| FRANK VASQUEZ ) | |
| ) | |
| ) | NO: |
| ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Complaint for Violation of Civil Rights and |
| ) | Supplemental Claims |
| City of Chicago and Chicago Police Officers ) | |
| Herrera, Star No. 11817, L. Toth, Star No. ) | |
| 14630, Pema, Star No. 11028, R. Camarillo, ) | |
| Star No. 7168, R. Lobianco, Star No. 16764, ) | **Request for Jury Trial** |
| K. Fry, Star No. 15329 ) | |
| ) | |
| Defendants. ) | |

## JURISDICTION AND VENUE

1. This action arises under the United States Constitution and the Civil Rights Act of 1871 (42 U.S.C. Section 1983). This court has jurisdiction under and by virtue of 28 U.S.C. Sections 1343, 1331 and 1367.

2. Venue is founded in this judicial court upon 28 U.S.C. Section 1391 as the acts complained of arose in this district.

## PARTIES

3. At all times herein mentioned, Plaintiff FRANK VASQUEZ (hereinafter "Plaintiff") was and is a citizen of the United States, and was within the jurisdiction of this court.

4. At all times herein mentioned Defendants City of Chicago Police Officers Herrera, star no.: 11817; L. Toth, star no.: 14630; Pema, star no.: 11028; R. Camarillo, star no.:

7168; Robert Lobianco, star no.: 16764; and Kevin Fry, star no.: 15329 were employed by the City of Chicago Police Department, and were acting under color of state law and as the employee, agent, or representative of the City of Chicago Police Department. These Defendants are being sued in their individual capacities.

5. At all times herein mentioned, the CITY OF CHICAGO was a political division of the State of Illinois, existing as such under the laws of the State of Illinois. At all relevant times, the CITY OF CHICAGO maintained, managed, and/or operated the CITY OF CHICAGO Police Department.

## FACTUAL ALLEGATIONS

6. On or about July 25, 2013, at approximately 10:00 pm, Plaintiff was in his own garage with his girlfriend, at 9545 South Avenue M, City of Chicago, County of Cook, Illinois.

7. Plaintiff and his girlfriend Cheyenne Bailey ("Bailey") had a verbal argument.

8. At that date, time and place, defendants Lobianco and Fry arrived. Plaintiff is informed and believes and alleges hereon that there was a telephone call from a person in the vicinity for the police to come to that location.

9. Defendant Lobianco proceeded to the service door of the garage, and began to kick or otherwise forcibly gain entry. As he began to do this, Plaintiff went to the door to open it.

10. Lobianco forced his way into the garage before Plaintiff could open it, and proceeded to immediately take the Plaintiff to the ground using excessive force in the process of doing this.

11. Fry was the second officer to arrive into the garage. He did nothing to protect the Plaintiff from the excessive force used by Lobianco despite the reasonable ability to do so.

2

12. While Plaintiff was on the ground, he was defenseless and not resisting anything. Notwithstanding this, Lobianco and Fry proceeded to use excessive force on the Plaintiff and, among other things, kick him in the head and face.

13. The remaining officers, Herrera, Toth, Pema and Camarillo arrived to the garage, and each of them proceeded to use excessive force and beat the Plaintiff and/or failed to protect the Plaintiff from the beatings of their fellow officers. The beating included, but was not limited to, unnecessarily and unreasonably using a baton on Plaintiff's body, and further kicks to the Plaintiff's head and/or face.

14. In the course of the beating, all individual Defendants participated in the Plaintiff's arrest for allegedly resisting arrest and domestic battery. There was no legal or probable cause to arrest Plaintiff for any crime.

15. Plaintiff's girlfriend, Bailey, informed the defendants that the Plaintiff did not strike her or cause any physical violence toward her. Notwithstanding this, the defendants coerced Bailey to come to the police station and, approximately 5 hours later, sign a criminal complaint that alleged domestic battery. Bailey repeatedly indicated that Plaintiff had not struck her or caused her any harm. Bailey did not realize that she was signing a criminal complaint, but only signed a document because she believed that she would be able to leave the police station when she signed it.

16. There was no legal cause to seize Plaintiff.

17. There was no legal cause for any defendant to use any force against Plaintiff.

18. Plaintiff was transported to the hospital and then to jail where he was imprisoned.

19. Defendants Fry and Lobianco charged Plaintiff with resisting arrest. These defendants, along with other unknown defendants and/or other unknown police officers coerced Bailey to unknowingly sign a criminal complaint against the Plaintiff.

20. On or about November 7, 2013, Plaintiff was subjected to a prosecution and trial for resisting arrest and domestic battery. On that date he was found not guilty following a bench trial.

21. By reason of the above-described acts and omissions of Defendants, Plaintiff sustained injuries, including but not limited to, loss special damages, humiliation and indignities, and suffered great mental and emotional pain and suffering all to his damage in an amount to be ascertained.

22. The aforementioned acts of defendants were willful, wanton, malicious, oppressive and done with reckless indifference to and/or callous disregard for Plaintiff's rights and justify the awarding of exemplary and punitive damages in an amount to be ascertained according to proof at the time of trial.

23. By reason of the above-described acts and omissions of Defendants, Plaintiff was required to retain an attorney to institute, prosecute and render legal assistance to him in the within action so that he might vindicate the loss and impairment of his rights. By reason thereof, Plaintiff requests payment by Defendants of a reasonable sum for attorney's fees pursuant to 42 U.S.C. Section 1988, the Equal Access to Justice Act or any other provision set by law.

### COUNT I
### Plaintiff Against All Individual Defendants for
### UNREASONABLE SEIZURE

24. Plaintiff hereby incorporates and realleges paragraphs one (1) through twenty-three (23) hereat as though fully set forth at this place.

25. By reason of the conduct of defendants and each of them, Plaintiff was deprived of rights, privileges and immunities secured to him by the Fourth and/or Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder.

26. The arbitrary intrusion by Defendants, into the security and privacy of Plaintiff's person was in violation of Plaintiff's Constitutional Rights and not authorized by law. The individual Defendants and each of them violated the Plaintiff's rights in the following manner: the seizure and arrest of Plaintiff by defendants and each of them, was without any legal cause. The foregoing was unnecessary, unreasonable and excessive, and was therefore in violation of Plaintiff's rights. Therefore, the Defendants are liable to Plaintiff pursuant to 42 U.S.C. § 1983.

## COUNT II

**PLAINTIFF AGAINST ALL INDIVIDUAL DEFENDANTS FOR EXCESSIVE FORCE AND FAILURE TO PROTECT**

27. Plaintiff hereby incorporates and realleges paragraphs one (1) through twenty-three (23) hereat as though fully set forth at this place.

28. During and immediately after Plaintiff's seizure, Defendants and each of them used excessive force against Plaintiff's person as described above.

29. There was no legal cause for Defendants to use force against Plaintiff.

30. Further, to the extent that any individual Defendant(s) did not use force against the Plaintiff, that Defendant failed to protect the Plaintiff from the excessive use of force, despite the reasonable ability to protect the Plaintiff from such force.

31. By reason of Defendant's conduct, Plaintiff was deprived of rights, privileges and immunities secured to him by the Fourth and/or Fourteenth Amendment to the Constitution of the United States and laws enacted thereunder.

32. The physical violence inflicted upon Plaintiff, as well as the failure to protect the Plaintiff from the excessive use of force, was unnecessary, unreasonable, and excessive, and was therefore in violation of Plaintiff's Fourth and/or Fourteenth Amendment Rights. Therefore, Defendants and each of them are liable to Plaintiff pursuant to 42 U.S.C. § 1983.

## COUNT III
## PLAINTIFF AGAINST DEFENDANTS FOR THE SUPPLEMENATAL CLAIM OF MALICIOUS PROSECUTION

33. Plaintiff incorporates and realleges paragraphs one (1) through twenty three (23) hereat as though fully set forth at this place.

34. Defendants Fry and Lobianco and other unknown defendants or other police officer(s) caused a criminal prosecution to commence and/or continue against Plaintiff.

35. The persons named in the previous paragraph, police officers employed by the CITY OF CHICAGO, maliciously commenced and caused to be continued a criminal action against Plaintiff without probable cause for the institution and/or continuation of these proceedings. As a result, Plaintiff was injured emotionally, financially, and otherwise from the loss of certain constitutionally protected liberty and related rights.

36. The persons identified in paragraph 34 initiated, facilitated, and/or continued this malicious prosecution by the creation of false evidence, by giving false police reports, preparing and signing false criminal complaints, coercing false criminal complaints, ignoring exculpatory evidence and/or by preparing false witness statements.

37. The criminal proceedings were terminated in the plaintiff's favor on or about November 7, 2013.

38. The CITY OF CHICAGO is liable to Plaintiff for the acts of its employees pursuant to the doctrine of *respondeat superior*.

39. Therefore, the above named defendants and the CITY OF CHICAGO are liable under the supplemental state law claim of Malicious Prosecution.

WHEREFORE, the Plaintiff, by and through his attorneys, ED FOX & ASSOCIATES, requests judgment as follows against the Defendants, and each of them:

1. That the Defendants be required to pay Plaintiff's general damages, including emotional distress, in a sum to be ascertained;

2. That the Defendants be required to pay Plaintiff's special damages;

3. That the Defendants other than the City of Chicago be required to pay Plaintiff's attorneys fees pursuant to Section 1988 of Title 42 of the United States Code, the Equal Access to Justice Act or any other applicable provision;

4. That the Defendants other than the City of Chicago and Cook County be required to pay punitive and exemplary damages in a sum to be ascertained;

5. That the Defendants be required to pay Plaintiff's costs of the suit herein incurred; and

6. That Plaintiff have such other and further relief as this Court may deem just and proper.

BY: s/ Edward M. Fox
ED FOX & ASSOCIATES
Attorneys for Plaintiff
300 West Adams
Suite 330
Chicago, Illinois 60606
(312) 345-8877
efox@efox-law.com

**PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**

BY: s/Edward M. Fox
ED FOX & ASSOCIATES
Attorneys for Plaintiff
300 West Adams
Suite 330
Chicago, Illinois 60606
(312) 345-8877
efox@efox-law.com